# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 23-0345V

|  |  |
|---|---|
| BRIAN REESE, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 11, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL,* for Petitioner.

*Ryan Nelson, U.S. Department of Justice, Washington, DC,* for Respondent.

## <u>DECISION</u>[1]

Petitioner alleges that he suffered a left-sided shoulder related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on October 31, 2020. *See generally* Petition filed Mar. 9, 2023 (ECF No. 1).

Following this case's activation to the Special Processing Unit ("SPU"), Respondent filed a Rule 4(c) Report formally opposing compensation, ECF No. 21, and I issued an Order to Show Cause for Petitioner's failure to establish the six-month severity requirement. ECF No. 22. In response to my Order, Petitioner filed a Motion for a Decision Dismissing his Petition. ECF No. 23. In his motion, Petitioner acknowledged that "he will be unable to prove that she is entitled to compensation under the Vaccine Program," and "to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* at ¶¶ 1 – 2. Petitioner "understands that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

a decision by the Special Master dismissing his petition will result in a judgment against him . . . [and] will end all of his rights in the Vaccine Program." *Id.* at ¶ 4. Petitioner indicated that pursuant to Section 21(a)(2), "he reserves the right to elect to reject the Vaccine Program judgment against him and elect to file a civil case." *Id.* at ¶ 6.

To receive compensation under the Program, Petitioner must prove that he received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that he suffered the residual effects of his injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered from a SIRVA as alleged. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's motion is GRANTED. Petitioner's claim for compensation is DENIED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**[2]

       **IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.