# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-0345V**

| | |
|---|---|
| BRIAN REESE, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 4, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 9, 2023, Brian Reese filed a Petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), seeking compensation for a shoulder injury related to vaccine administration ("SIRVA") allegedly related to an influenza ("flu") vaccine received on October 31, 2020. ECF No. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

The case was dismissed, and Petitioner has now moved for a final award of fees. However, for the reasons set forth below, I find that Petitioner has failed to establish reasonable basis in this claim. Thus, he is not entitled to an award of attorney's fees and costs.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.    Relevant Procedural History

On August 15, 2024, Respondent filed his Rule 4(c) Report formally opposing any compensation of this claim, on the grounds that Petitioner had not preponderantly established that he received the alleged flu vaccine, or moreover that the onset of shoulder pain occurred within 48 hours. The evidence better supported onset after a later shingles vaccine, which is *not* covered under the Vaccine Program (ECF No. 21).

On December 11, 2024, I ordered Petitioner to show cause why his claim should not be dismissed on that basis (ECF No. 22). Afterwards, I granted Petitioner's motion to dismiss the case under Vaccine Rule 21 (ECF Nos. 23-24).

On June 16, 2025, Petitioner filed a motion seeking $10,709.60 in attorney's fees and $646.19 in costs, for a total request of $11,355.79 (ECF No. 27). Counsel stated that Petitioner has not incurred personal costs in this case (ECF No. 27 at ¶10). Respondent reacted to the motion, stating that he "defers to the Court regarding whether the statutory requirements for an award of attorney's fees and costs are met in the case," without providing any substantive discussion of the case. (ECF No. 28 at 2). Respondent also deferred to my determination of the appropriate *amount* to be awarded, in the event that the statutory requirements are met (*Id.* at 3-5). Petitioner did not reply.

## II.    Applicable Legal Standards

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 569 U.S. 369, 380 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as

2

special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I*"). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the

claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Human Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022), *aff'd without op.*, No. 2022-1737, 2023 WL 7545047 (Fed. Cir. Nov. 14, 2023) (*"Cottingham II"*). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### III.        Analysis – Reasonable Basis

In the Order to Show Cause (ECF No. 22), I agreed with Respondent that there were significant deficiencies in the record, particularly relating to Petitioner's ability to establish his allegation of an October 31, 2020 receipt of a flu vaccine in his left arm. I observed that there was no contemporaneous evidence to corroborate the alleged "drive-thru vaccination" by Kaiser Permanente providers, or that Petitioner was even a Kaiser Permanente member at the relevant time.

In contrast, there *were* contemporaneous records of a December 22, 2020 Kaiser Permanente primary care new patient appointment. No shoulder injury was documented, and Petitioner apparently at that time received a non-covered varicella zoster (shingles, brand name Shingrix) vaccine in his at-issue left deltoid, and a Tdap vaccine in his right deltoid. That was followed by a four-month delay before the first documentation of a left shoulder injury. This evidence greatly undermined Petitioner's allegation of receiving an earlier, but inadvertently not recorded, flu vaccine in his left arm. Petitioner's later medical records and testimony did not address the intervening shingles vaccine, rendering them less credible on the key facts in dispute. After the Order to Show Cause, Petitioner did not avail himself of an opportunity to submit further evidence or argument. Instead, he concluded that proceeding further would be unreasonable. Accordingly, on Petitioner's motion, his claim was dismissed for insufficient proof.

I cannot find a reasonable basis for the claim based on the aforementioned objective evidence – and even though the reasonable basis standard is quite low. Again, there is no evidence that Petitioner received the alleged flu vaccine in his left arm on or around October 31, 2020, or that such a vaccine caused a left shoulder injury *until* Petitioner's own histories, starting six months later. Those histories were incomplete and/or inaccurate because they *failed to acknowledge* the intervening shingles vaccine in the same arm. Ex. 2 at 79, 90 (2021 medical records); Ex. 1 at ¶¶ 6-9 (later testimony). Petitioner has not argued why those histories should be viewed as objective evidence in the current reasonable basis analysis.[3]

While I have considered all of the evidence, I nevertheless find the later reporting in the medical records – and Petitioner's later affidavit – to be less compelling. *Compare James-Cornelius*, 984 F.3d 1374, 1380-81 (remanding a case because a special master had refused to consider affidavit testimony "on the [special master's] basis that a petitioner's affidavit can *never constitute* objective evidence") (emphasis added). Moreover, even after my issuance of an Order to Show Cause, Petitioner did not submit any additional evidence such as a supplemental affidavit acknowledging the issue of the intervening shingles vaccine, or any supporting witness testimony.

I also stress that the key medical records (dating from late 2020 – early 2021) existed well before the Petition was filed (in March 2023). This is not a case in which the development of a fact, out of ambiguous records, *later* revealed that a claim that initially

---

[3] Petitioner states only: "[His] evidence clearly supports a reasonable basis for pursuing a Table SIRVA claim. Petitioner received an influenza vaccine on October 31, 2020. Nearly six months later, Petitioner reported a left shoulder injury and attributed his symptoms to the flu shot. Petitioner thereafter began physical therapy. Unfortunately for Petitioner, his vaccine administrator did not properly record the event of his vaccination…" Attorneys' Fees and Costs Motion at 2; *see also* Petition at ¶¶ 5-7,

appeared viable in fact was not. Under such circumstances, counsel reasonably bears the risk in filing a claim that lacks reasonable basis, and may therefore be appropriately denied a fees award (even if the matter was otherwise pursued in good faith).

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs to an unsuccessful litigant only where the litigant establishes the Petition was brought in good faith and there was a reasonable basis for the claim for which the Petition was brought. Section 15(e)(1). But Petitioner has failed to provide evidence establishing there was a reasonable basis for filing his claim. **Petitioner's motion for attorney's fees and costs is therefore <u>DENIED</u>.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master